Opinión disidente emitida por el
Juez Asociado Señor Fuster Berlingeri.
La doctrina del campo ocupado, o del desplazamiento del poder estatal, constituye uno de los asuntos más intricados del constitucionalismo norteamericano. Responde al interés por proteger la supremacía del derecho federal frente a la integridad del poder legislativo de los estados, en la dificultosa frontera donde uno y el otro convergen.
El problema surge porque los estados, igual que Puerto Rico, al ejercer su legítima facultad de velar por el bienestar general de su comunidad, aprueban normas que ocasionalmente pueden incidir sobre algún asunto o materia sobre el cual el Congreso tiene plena autoridad legislativa. En tales casos, la norma estatal no puede prevalecer si, en efecto, conflige con una norma federal. El Tribunal Supremo de Estados Unidos lo ha expresado de esta manera:
State law is still pre-empted to the extent it actually conflicts with federal law; that is, when it is impossible to comply with both state and federal law, or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress. Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984).
Nosotros mismos nos hemos expresado antes en varias ocasiones sobre esta situación en la cual una norma de *76 nuestro propio ordenamiento jurídico converge con una norma federal. En esencia, hemos señalado que la legislación nuestra es válida y aplicable siempre y cuando no esté sustancialmente en conflicto con la norma federal. “El conflicto debe ser tan directo y positivo que las dos leyes no puedan armonizarse o coexistir al mismo tiempo” (Enfasis suplido.) Bordas & Co. v. Srio. de Agricultura, 87 D.P.R. 534, 553 (1963). También hemos aclarado que si el interés que se desea proteger mediante nuestra norma es distinto al que el estatuto federal protege, la norma estatal no queda desplazada. Pancorbo v. Wometco de P.R., Inc., 115 D.P.R. 495, 500 (1984). Véanse, además: Ossorio Ruiz v. Srio. de la Vivienda, 106 D.P.R. 49, 51 (1977); R.C.A. v. Gobierno de la Capital, 91 D.P.R. 416, 439-440 (1964).
Es menester, además, tener en cuenta la postura moderna del Tribunal Supremo de Estados Unidos sobre este asunto, que es la de favorecer la vigencia y aplicación del derecho estatal, a menos que exista un conflicto directo real e irremediable de éste con un estatuto federal. New York Dept. of Social Services v. Dublino, 413 U.S. 405 (1973). Los eminentes profesores Rotunda y Nowak, en su conocida obra 2 Treatise on Constitutional Law 3rd, Sec. 12.4, pág. 215 (1999), lo explican así:
... the Supreme Court, in recent years, has anticipated and imposed a presumption against preemption. There is no strong presumption in favor of federal preemption; indeed, the Supreme Court is more likely to keep the preemption blade in its sheath. (Énfasis suplido.)
A la luz de todo lo anterior, no es sostenible el dictamen de la mayoría del Tribunal en el caso de autos. Aquí la mayoría, en efecto, estima que los foros judiciales de Puerto Rico no tienen jurisdicción para atender una reclamación incoada al amparo del Art. 1802 de nuestro Código Civil, 31 L.P.R.A. see. 5141, sólo porque ésta supuestamente conlleva un potencial de interferencia con alguna *77 política laboral que pudiese establecer la Junta Nacional de Relaciones del Trabajo. La postura de la mayoría claramente va mucho más lejos de lo que ha exigido el propio Tribunal Supremo federal. Se desautoriza la vigencia del derecho nuestro, no porque en efecto conflija sustancialmente con una norma federal, sino sólo por la doble suposición de que podría potencialmente surgir algún conflicto, con alguna norma que la Junta federal pudiese establecer.
Este infundado desplazamiento del derecho patrio más allá de lo requerido por las normas pertinentes norteamericanas sorprende sobre todo porque la médula de la acción de daños en el caso de autos no es de ningún modo la dilucidación judicial de un discrimen laboral federal sufrido por la esposa del demandante, sino la comprobación al amparo de nuestro Código Civil de ciertos daños ocasionados a éste por un despido que fue indisputablemente injustificado, como surge de modo inevitable del propio acuerdo transaccional, mediante el cual no sólo se reinstaló a la esposa del demandante a su antiguo empleo, sino que se le pagó una cantidad sustancial por salarios dejados de recibir. Como la acción de daños en cuestión no requiere interpretar si hubo o no un discrimen laboral que violase el estatuto federal, sino que parte del hecho indisputado de que hubo un despido injustificado, no puede desplazarse la acción estatal, según lo ha resuelto expresamente el propio Tribunal Supremo federal en casos similares de índole laboral. Véase Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988). Ciertamente no existe aquí la identidad de reclamación con una querella que pudiese presentarse ante la Junta de Relaciones del Trabajo federal, ya que lo que se plantea en el caso de autos es una acción torticera claramente distinta a dicha querella. Sears Roebuck & Co. v. Carpenters, 436 U.S. 180 (1978).
Como entiendo, pues, que no hay razón válida alguna para descartar la jurisdicción del foro de instancia sobre esta reclamación, yo DISIENTO.